Shearing, J.,
concurring:
I agree that the order of the district court should be reversed on *1067 the ground that the improper standard of proof was applied. However, I point out that the district court’s order is particularly disturbing in another respect not considered by the majority. The district court stated:
If I have a primary custodian who shows the kind of unusual concern that Mrs. Ashlock seems to show and made what sounds to me like an intelligent choice, I think I would have to go beyond probable cause to something like a clear and convincing evidence standard that the overall academic and social experience for the children would be clearly superior in a school chosen by the non-primary physical custodian. . . .
This statement fails to recognize what joint legal custody means — namely, that both parents have an equal right and responsibility to make decisions associated with the health, education and welfare of the children, even though primary physical custody may be with one parent. The district court’s statement indicates that there is a presumption in favor of the decision made by the physical custodian. There is no such presumption. On the contrary, when parents cannot agree on an important subject like the education of a child, the parents come into court on an equal footing. The sole question for the court is which parent’s choice is in the best interests of the child. Here, the district court’s deference to the custodial parent’s choice is particularly puzzling when it appears that one of the principal reasons for the mother’s objection to the father’s choice of school was the inconvenience to her in transporting the children. This reason does not sound like one which considers the best interests of the child!